IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY ROGER BAISDEN, #298 382, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-549-MHT |
| | ) | [WO] |
| OFFICER DEJARNETTE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate incarcerated at the Staton Correctional Facility. Plaintiff complains that Defendant subjected him to an excessive use of force. *Doc. No. 1*. On August 12, 2015, Plaintiff filed a motion for preliminary injunction seeking to enjoin Defendant from transferring him to another level four institution and/or taking any retaliatory action against him. *Doc. No. 5*.

Upon review of the motion for preliminary injunction, the court concludes this motion is due to be denied.

**II. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the

following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Id*.; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp*., 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' " *Suntrust Bank v. Houghton Mifflin Co*., 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of*

*Associated Gen. Contractors of America v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990).

### III.  DISCUSSION

In his motion for preliminary injunction, Plaintiff seeks an order enjoining Defendant from transferring him to another facility and from taking any retaliatory action against him.  Regarding the latter request, if plaintiff's motion was granted, the resulting injunction would amount to a broad instruction to Defendant to obey the law. Plaintiff essentially seeks an order directing Defendant to not take any adverse action against him because of his filing the instant complaint.   Rule 65(d) of the Federal Rules of Civil Procedure requires requests for injunctions to be specific; an injunction which merely orders a defendant to obey the law is too broad and too vague to be enforceable. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).

Regarding Plaintiff's request for preliminary injunctive relief prohibiting Defendant from transferring him from his current place of incarceration, the court finds that under the circumstances of this case Plaintiff fails to demonstrate a substantial likelihood of success on the merits of this claim. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (prisoners do not have a constitutional right to remain in or be transferred to a penal institution of their own choosing). Plaintiff likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. Problems or issues regarding Plaintiff's housing assignment within this state can be accomplished through filing a complaint in the federal court in which the institution which houses Plaintiff is located.  *See Sampson v. Murray*, 415 U.S. 61, 90 (1974)

(internal quotation omitted) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm."). The third factor, balancing potential harm to the parties, weighs more heavily in favor of Defendant. Finally, regarding the fourth factor, Plaintiff fails to show that issuance of an injunction would serve the public interest, and the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Plaintiff has failed to meet his burden of demonstrating the existence of each prerequisite to warrant issuance of a preliminary injunction.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (*Doc. No. 5*) be DENIED.

2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 2, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the

District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 19th day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE